REDACTED COPY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
2018 AUG 22 PM 12:07
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | CASE NO.: **INDICTMENT** |
| v. | § § § § § | [VIO: COUNT ONE: 8 U.S.C. § 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(i), & 1324(a)(1)(B)(i) - Conspiracy to Bring an Alien to the United States for Financial Gain; COUNTS TWO THROUGH SEVEN: 8 U.S.C. § 1324(a)(2)(B)(ii) & 18 U.S.C. § 2 - Bringing an Alien to the United States for Financial Gain and Aiding and Abetting; and FORFEITURE ALLEGATION] |
| MOAYAD HEIDER MOHAMMAD ALDAIRI | § § § § § § § § | |

**DR18CR1738**

THE GRAND JURY CHARGES:

Introduction

At all times relevant to this Indictment, unless otherwise indicated:

1. Between on or about July 1, 2017 through on or about December 31, 2017, the defendant MOAYAD HEIDER MOHAMMAD ALDAIRI, with others known and unknown, participated in an alien smuggling operation pursuant to which individuals, referred to herein as BASAA, RSAD, MAH, HAS, HAHAH, and AAAM (collectively the "Aliens"), whose identities are known to the Grand Jury, were illegally brought into the United States. The Aliens are citizens of Yemen. The Aliens were not United States citizens and did not have permission or authorization from the United States government, or any other legal basis, to come to, enter, or reside in the United States.

1

2. The defendant MOAYAD HEIDER MOHAMMAD ALDAIRI, a Jordanian national, operated primarily out of Monterrey, Mexico. In return for smuggling the Aliens into the United States, the defendant MOAYAD HEIDER MOHAMMAD ALDAIRI and his co-conspirators arranged to be paid thousands of dollars in Mexico, Jordan, and elsewhere. The defendant MOAYAD HEIDER MOHAMMAD ALDAIRI transported the Aliens from Monterrey, Mexico to the Rio Grande River and instructed them where and when to cross into the United States. Additionally, the defendant MOAYAD HEIDER MOHAMMAD ALDAIRI provided some of the Aliens with construction hard hats and reflective vests, purportedly to help the Aliens blend in with others after crossing. The defendant MOAYAD HEIDER MOHAMMAD ALDAIRI instructed the Aliens to travel north by vehicle once they crossed into the United States.

## COUNT ONE
### (Conspiracy to Bring an Alien to the United States)
8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(i), & 1324(a)(1)(B)(i)

From between on or about July 1, 2017 through between on or about December 31, 2017, in the Western District of Texas and elsewhere, defendant,

MOAYAD HEIDER MOHAMMAD ALDAIRI,

for the purpose of commercial advantage and private financial gain, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the Grand Jury, knowing that a person is an alien, to bring and attempt to bring to the United States in any manner whatsoever such person at a place other than a designated port of entry or place other than as designated by the Commissioner, regardless of whether such alien has received prior official authorization to come to, enter, or reside in the United States and regardless of any future

official action which may be taken with respect to such alien, contrary to Title 8, United States Code, Sections 1324(a)(1)(A)(i) & 1324(a)(1)(B)(i).

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

COUNTS TWO THROUGH SEVEN
(Alien Smuggling)
8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2

On or about the dates set forth below, in the Western District of Texas and elsewhere, defendant,

MOAYAD HEIDER MOHAMMAD ALDAIRI,

for the purpose of commercial advantage and private financial gain, did knowingly bring, and attempt to bring, in any manner whatsoever, an alien, as set forth below in Counts Two through Seven, to the United States, knowing and in reckless disregard of the fact that said alien had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to said alien.

| COUNT | ALIEN | DATES |
|---|---|---|
| 2 | BASAA | in or about July 2017, through on or about October 31, 2017 |
| 3 | RSAD | in or about October 2017 through on or about November 23, 2017 |
| 4 | MAH | in or about October 2017 through on or about November 23, 2017 |

| 5 | HAS | in or about October 2017 through on or about November 23, 2017 |
| 6 | HAHAH | in or about August 2017 through on or about December 12, 2017 |
| 7 | AAAM | in or about August 2017 through on or about December 12, 2017 |

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2.

# NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
See Fed. R. Crim. P. 32.2

## I.
## Bringing In and Harboring Certain Aliens Violation and Forfeiture Statute
[Title 8 U.S.C. § 1324, subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(6)]

This Notice of Demand for Forfeiture includes but is not limited to the property described below.

As a result of the foregoing criminal violation set forth above, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18, United States Code, Section 982(a)(6), which states:

> **§ 982. Criminal forfeiture**
> (a)(6)(A) The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 274(a) . . . of the Immigration and Nationality Act [**8 U.S.C. 1324**] . . . , shall order that the person forfeit to the United States, regardless of any provision of State law—
> (i) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the person is convicted; and
> (ii) any property real or personal—

4

**(I)** that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or

**(II)** that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.

## II.
## Money Judgment

**Money Judgment:** A sum of money which represents the value of any proceeds obtained directly or indirectly and any facilitating property used or intended to be used in the violations set forth above for which the Defendant is liable.

## III.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property owned by the Defendant, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

FOREPERSON

5

JOHN F. BASH
United States Attorney

By: _____
MATTHEW H. WATTERS
Assistant United States Attorney

BRIAN A. BENCZKOWSKI
Assistant Attorney General
Department of Justice

By: _____
JAMES HEPBURN
Trial Attorney

SEALED:
UNSEALED: XX

# PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

**DR18CR1738**

COUNTY: <u>MAVERICK</u>     USAO #:

DATE: <u>AUGUST 22, 2018</u>     MAG. CT. #: <u>DR18-MJ-641</u>

AUSA: <u>MATTHEW WATTERS</u>

DEFENDANT: <u>MOAYAD HEIDER MOHAMMAD ALDAIRI</u>

CITIZENSHIP: <u>JORDAN</u>

INTERPRETER NEEDED: <u>YES</u>     LANGUAGE: <u>ARABIC</u>

DEFENSE ATTORNEY:

ADDRESS OF ATTORNEY:

DEFENDANT IS: <u>DETAINED</u>     DATE OF ARREST: <u>JULY 28, 2018</u>

BENCH WARRANT NEEDED: <u>NO</u>

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY: <u>INDICTMENT</u>

OFFENSE: (Code & Description): <u>Count 1: 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(i), & 1324(a)(1)(B)(i) – Conspiracy to Bring an Alien to the United States; and Counts 2-7: 8 U.S.C. § 1324(a)(2)(B)(ii), and 18 U.S.C. § 2- Bringing In an Alien to the United States.</u>

OFFENSE IS: <u>FELONY</u>

MAXIMUM SENTENCE: <u>For each count - 10 years imprisonment; up to $250,000 fine; up to 3 years of supervised release; $100 mandatory special assessment; $5,000 special assessment non-indigent for each count of conviction. For first two substantive counts, not less than three but up to 10 years imprisonment; for third and subsequent substantive counts, not less than 5 years but up to 15 years imprisonment.</u>

PENALTY IS MANDATORY: <u>YES</u>

REMARKS: <u>See above</u>

W/DT-CR-3